UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Joseph Harasyn,  Civil No. 13-3093 (MJD/FLN)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Gregory Krause, Kathleen Krause
and Betsy Harasyn,

    Defendants.

---

Michael Harasyn, *pro se*
Robert Manson for Defendants Gregory and Kathleen Krause

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 23, 2014 on Defendants Gregory and Kathleen Krause's motion to dismiss (ECF No. 5). For the reasons discussed below, the Court recommends that Defendants' motion be **GRANTED**. The Court also recommends that all claims against Ms. Harasyn be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

In November 2013, Plaintiff Michael Harasyn filed this suit alleging that his substantive due process rights were violated during an Anoka County District Court proceedings that granted custody of his children to Gregory and Kathleen Krause.[1] Specifically, Harasyn alleges that he was

---

[1] Gregory and Kathleen Krause are the paternal aunt and uncle of the Harasyn children. *Krause v. Harasyn (In re K. L. H.)*, 2012 Minn. App. Unpub. LEXIS 177, 2 (Minn. Ct. App. Mar. 5, 2012).

denied a fair hearing. Compl. 3, ECF No. 1. Harasyn appealed the Anoka County decision on two issues: (1) whether the district court abused its discretion when it modified his parenting time and (2) whether the district court erred in finding that the Krauses had established a substantial relationship with the Harasyn children. *Id.* at 4. On March 5, 2012, the Minnesota Court of Appeals affirmed the district court's ruling. *Krause v. Harasyn (In re K. L. H.)*, 2012 Minn. App. Unpub. LEXIS 177, 1 (Minn. Ct. App. Mar. 5, 2012) ("Because the district court did not err by concluding that respondents had standing to seek custody, the grant of custody did not restrict the father's parenting time, and the district court did not clearly err by finding that endangerment was established or that a preponderance of the evidence favored granting custody to respondents, we affirm."). On May 10, 2012, the Minnesota Supreme Court denied Harasyn's petition for further review. *Krause v. Harasyn (In re Custody of K.L.H.)*, 2012 Minn. LEXIS 229, 1 (Minn. 2012).

Plaintiff brings this suit under the Fourteenth Amendment, citing *Troxel v. Granville* for the proposition that substantive due process rights provide, in Harasyn's words, "heightened protection against government interference with certain fundamental rights and liberty interests including parents' fundamental right to make decisions concerning the care, custody and control of their children." ECF No. 1 at 8, *citing Troxel*, 530 U.S. 57 (2000). Unlike the plaintiff in *Troxel*, however, Harasyn does not allege that any portion of the relevant Minnesota statutes are unconstitutional. *See* Minn. Stat. 257C.01-08, De Facto Custodian and Interested Third Party. Rather, Harasyn alleges that the Krauses "violated the Due Process Clause of the Fourteenth Amendment by not proving or giving him the opportunity to challenge that he was an unfit parent." ECF No. 1 at 8-9. Harasyn alleges that his ex-wife, Betsy Harasyn, violated his due process rights "in the divorce trial when Judge Stephen Halsey justified his decision in granting Ms. Harasyn

2

physical and legal custody by fabricating his findings that Ms. Harasyn's testimony was credible to the physical, verbal, and mental abuse bestowed upon her by Mr. Harasyn." *Id.* at 9.

## II. LEGAL STANDARDS

### A.     12(b)(1) Motion to Dismiss

The jurisdictional power of federal courts is defined by Article III of the Constitution. Because federal courts are not courts of general jurisdiction, the issue of subject-matter jurisdiction may be raised at any time. See Fed. R. Civ. Proc. 12(b)(1); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that subject-matter jurisdiction may never be forfeited or waived). Indeed, a federal court has a "special obligation" to satisfy itself of its own jurisdiction. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If subject-matter jurisdiction is lacking, the court must dismiss the action. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

A motion attacking the Court's subject-matter jurisdiction is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss can either (1) attack the complaint's claim of jurisdiction on its face or (2) attack the factual basis for jurisdiction. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A facial challenge to subject-matter jurisdiction argues that factual allegations made in a complaint—even if truthful—are insufficient to establish jurisdiction. *Carlson Holdings, Inc. v. NAFCO Ins. Co.*, 205 F. Supp. 2d 1069, 1073 (D. Minn. 2001). When analyzing a facial challenge to jurisdiction, the Court considers the pleadings alone. Id. In contrast, "[w]here a defendant mounts a 'factual attack' on the plaintiff's complaint, 'the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards' in that the court may not presume the factual allegations in the plaintiff's complaint are true." *Rector v. State Farm Mut. Ins. Co.*, 392 F. Supp. 2d 1069, 1071

(W.D. Mo. 2005) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)).

### B. 12(b)(6) Motion to Dismiss

To determine the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from the facts pled. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A pleading must contain enough facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949. In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

The Krauses argue that Harasyn's claim against them should be dismissed because (1) the Court does not have jurisdiction over what appears to be an appeal of Minnesota state court

decisions and (2) Harasyn fails to allege a viable Section 1983 claim. Def. Mem. in Supp. of Mot. to Dismiss 1-2, ECF No. 7. Harasyn submitted two memoranda of law in opposition to the Krauses' motion. Pl.'s Mem. in Opp., ECF Nos. 16 and 17. Harasyn argues that the Court has federal question jurisdiction over his claims and that he "not only suffered violations of his constitutional rights but was continually subjected to mental and verbal abuse." ECF No. 16 at 4. Further, Harasyn contends that "[t]he state action the Defendants commenced against the Plaintiff had significant involvement of state officials which attaches and constitutes the Defendants were acting 'under state law.'" ECF No. 17 at 2.

**1.    This Court lacks subject matter jurisdiction over Harasyn's claim.**

Although Harasyn contends that this Court has federal question jurisdiction over his claim, the Krauses argue that the Court lacks jurisdiction over Harasyn's claim because he does not explicitly challenge the constitutionality of the relevant Minnesota statute on which the state court decisions were based. *See* Minn. Stat. 257C.01-08, De Facto Custodian and Interested Third Party. Rather, Harasyn appears to be seeking this Court's review of decisions made by the Minnesota state courts. This is evident by Harasyn's complaint which seeks relief in the form of reversal of the state court decisions relevant to this action and suspension of state court jurisdiction over this matter. ECF No. 1 at 9.

The Rooker-Feldman doctrine prohibits lower federal courts from exercising subject matter jurisdiction over cases where the plaintiff alleges federal question jurisdiction and invites the review and rejection of state court judgments. *Skinner v. Switzer*, 131 S.Ct. 1289, 1297 (2011) (noting that 28 U.S.C. § 1257 "vests authority to review a state court's judgement solely in [the United States Supreme Court.]"). Because Harasyn does not clearly allege that the Minnesota De Facto Custodian

statute is unconstitutional, this Court lacks subject matter jurisdiction over his claims.

    **2.    Harasyn fails to state a claim under Section 1983.**

Even if jurisdiction could somehow be construed, Harasyn's claim also fails under 12(b)(6) for failure to state a claim. To establish a cause of action under 42 U.S.C. § 1983, the plaintiff must demonstrate that (1) he has been deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Buller v. Buechler,* 706 F.2d 844, 847 (8th Cir. 1983) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). The Krauses are private citizens, not state actors. Plaintiff cannot state a valid claim against them for violating his due process rights. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable under Section 1983"). To the extent Harasyn alleges that the Krauses colluded with the state court to deprive him of his rights, Harasyn fails to allege sufficient facts in his complaint to make such a claim cognizable.

    **3.    All claims against Ms. Harasyn should be dismissed.**

In April 2014, Ms. Harasyn was referred to the Federal Bar Association (FBA) Pro Se Project. No attorney match has been identified, thus she is proceeding *pro se* in this matter. Ms. Harasyn has not filed a motion to dismiss, but did attend the hearing held on May 23, 2014. Because the above analysis applies equally to all claims alleged against Ms. Harasyn, the Court recommends sua sponte dismissal of all claims against her because when subject-matter jurisdiction is lacking, the court must dismiss the action. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) ("We now hold that a district court sua sponte may dismiss a complaint under rule 12(b)(6) as long the dismissal does not precede service of process.").

### IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Krauses' motion to dismiss (ECF No. 5) be **GRANTED**;

2. Haraysn's motion in opposition to Defendants' motion to dismiss (ECF No. 14) be **DENIED**;

3. The claims brought against Defendant Betsy Harasyn be **DISMISSED**, and;

4. All claims be dismissed **WITH PREJUDICE**.

DATED: June 16, 2014               s/Franklin L. Noel
                                   FRANKLIN L. NOEL
                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 9, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by  **July 9, 2014** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.